William I. Rothbard, CA No. 72447
Bill@Rothbardlaw.com
LAW OFFICES OF WILLIAM I. ROTHBARD
2333 Canyonback Rd.
Los Angeles, CA 90049
Telephone: 310-490-6646 (*Pro Hac Vice* pending)

Andrea R. Meyer, OSB No. 136055
ameyer@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for Defendant International Travel Network, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEBRA JOANN COATES GRIFFIN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>INTERNATIONAL TRAVEL NETWORK, LLC,<br><br>      Defendant. | Case No.: 6:25-CV-2324-MC<br><br>**ANSWER** |

      Defendant International Travel Network, LLC ("Defendant" or "Answering Defendant") hereby submits, for itself alone and no other party, its answer to the Complaint of plaintiff Debra Joann Coates Griffin ("Plaintiff"):

1. Answering Defendant admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Answering Defendant denies it is a class action, as no class has been certified and Plaintiff is only purporting to represent others similarly situated. Answering Defendant further denies the merits of the claims asserted against it and alleges there is no basis to impose on Answering Defendant any of the remedies sought by Plaintiff.

2. Answering Defendant denies the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. Answering Defendant denies that this Court has subject matter jurisdiction over Plaintiff's individual claim pursuant to 28 U.S.C. §§ 1331, insofar as Plaintiff consented to receive marketing messages from Defendant via telephone and therefore cannot claim any injury in fact. Answering Defendant denies that the aggregate potential claims of the purported class members exceed the sum or value of $5,000,000.00, as required by 28 U.S.C. §1332(d)(2), and therefore denies jurisdiction over the purported class action claim.

4. Answering Defendant denies that it resides in this district and denies venue is proper in this district as to Answering Defendant.

5. Answering the allegations in paragraph 5, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

## PARTIES

6. Answering the allegations in paragraph 6, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

7. Answering Defendant admits the allegations of Paragraph 7.

## INTRODUCTION

8. Answering Defendant admits that Congress enacted the TCPA in 1991. To the extent that Paragraph 8 cites to provisions of the United States Code, those statutory provisions

speak for themselves. Answering Defendant lacks information or belief sufficient to enable it admit or deny the balance of allegations in paragraph 8, and on that basis, denies them.

9. Answering Defendant admits that a national Do-Not-Call registry was created by regulation under the TCPA. To the extent that Paragraph 9 cites to provisions of the Code of Federal Regulations or case law, those regulatory provisions and decisions speak for themselves. Answering Defendant lacks information or belief sufficient to enable it to admit or deny the balance of allegations in paragraph 9, and on that basis, denies them.

## FACTUAL ALLEGATIONS

10. Answering the allegations in paragraph 10, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

11. Answering the allegations in paragraph 11, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

12. Answering the allegations in paragraph 12, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

13. Answering the allegations in paragraph 13, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

14. Answering the allegations in paragraph 14, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

15. Answering the allegations in paragraph 15, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

16. Answering the allegations in paragraph 16, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

17. Answering the allegations in paragraph 17, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

18. Answering the allegations in paragraph 18, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

19. Answering the allegations in paragraph 19, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

20. Answering paragraph 20, which contains no allegations, Defendant lacks information or belief sufficient to enable it to admit or deny that the text entries shown therein are real and authentic, and on that basis, denies their existence and authenticity.

21. Answering the allegations in paragraph 21, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

22. Answering the allegations in paragraph 22, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

23. Answering the allegations in paragraph 23, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

24. Answering Defendant denies the allegations of Paragraph 24.

25. Answering Defendant denies the allegations of Paragraph 25.

26. Answering Defendant denies the allegations of Paragraph 26.

27. Answering the allegations in paragraph 27, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

## CLASS ACTION ALLEGATIONS

28. Answering Defendant admits that Plaintiff purports to bring this action as a class action, but denies that the alleged class is appropriate.

29. Answering Defendant does not dispute the requested exclusions from the purported class.

30. Answering Defendant denies the allegations of Paragraph 30.

31. Answering Defendant denies the allegations of Paragraph 31.

32. Answering Defendant denies the allegations of Paragraph 32.

33. Answering Defendant denies the allegations of Paragraph 33.

34. Answering Defendant denies the allegations of Paragraph 34.

35. Answering Defendant denies the allegations of Paragraph 35.

36. Answering Defendant denies the allegations of Paragraph 36.

37. Answering Defendant denies the allegations of Paragraph 37.

38. Answering Defendant denies the allegations of Paragraph 38.

39. Answering Defendant denies the allegations of Paragraph 39.

40. Answering Defendant denies the allegations of Paragraph 40.

41. Answering Defendant denies the allegations of Paragraph 41.

42. Answering the allegations in paragraph 42, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

43. Answering the allegations in paragraph 43, Defendant lacks information or belief sufficient to enable it admit or deny the allegations, and on that basis, denies them.

44. Answering Defendant denies the allegations of Paragraph 44.

45. Answering Defendant denies the allegations of Paragraph 45.

46. Answering Defendant denies the allegations of Paragraph 46.

47. Answering Defendant denies the allegations of Paragraph 47.

48. Answering Defendant denies the allegations of Paragraph 48.

49. Answering Defendant denies the allegations of Paragraph 49.

50. Answering Defendant denies the allegations of Paragraph 50.

51. Answering Defendant denies the allegations of Paragraph 51.

52. Answering Defendant denies the allegations of Paragraph 52.

53. Answering Defendant denies the allegations of Paragraph 53.

54. Answering Defendant denies the allegations of Paragraph 54.

## COUNT 1

### Alleged Violation of 47 U.S.C. § 227(c)(5)

55. Answering Defendant repeats and realleges each and every response contained in paragraphs 1-54.

56. Answering the allegations in paragraph 56, to the extent that it cites to regulations or rulings of the Federal Communications Commission, those rulings and regulatory provisions

speak for themselves. Answering Defendant lacks information or belief sufficient to enable it to admit or deny the balance of allegations in paragraph 56, and on that basis, denies them.

57. Answering the allegations in paragraph 57, to the extent that it cites to case law, that case law speaks for itself. Answering Defendant lacks information or belief sufficient to enable it to admit or deny the balance of allegations in paragraph 57, and on that basis, denies them.

58. Answering the allegations in paragraph 58, to the extent that it cites to the Code of Federal Regulations, those regulatory provisions speak for themselves. Answering Defendant lacks information or belief sufficient to enable it to admit or deny the balance of allegations in paragraph 58, and on that basis, denies them.

59. Answering the allegations in paragraph 59, to the extent that it cites to the Code of Federal Regulations, those regulatory provisions speak for themselves. Answering Defendant lacks information or belief sufficient to enable it to admit or deny the balance of allegations in paragraph 59, and on that basis, denies them.

60. Answering the allegations in paragraph 60, to the extent that it cites to a provision of the TCPA, that provision speaks for itself. Answering Defendant lacks information or belief sufficient to enable it to admit or deny the balance of allegations in paragraph 60, and on that basis, denies them.

61. Answering Defendant denies the allegations of Paragraph 61.

62. Answering Defendant denies the allegations of Paragraph 62.

63. Answering Defendant denies the allegations of Paragraph 63.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

64. As a separate defense, Answering Defendant alleges that the Complaint fails to state a claim under the TCPA because it fails adequately to allege, and Plaintiff cannot prove, all the elements of a violation of the TCPA, including, in particular and without limitation, lack of consent from Plaintiff to receive text messages to her telephone from Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

65. This Court lacks subject matter jurisdiction over Plaintiff's individual claim pursuant to 28 U.S.C. §§ 1331, insofar as Plaintiff consented to receive marketing messages from Defendant via telephone and therefore cannot claim injury in fact. This Court also lacks jurisdiction over the putative class claim in this case because the amount in controversy is less than required to support jurisdiction. Specifically, the aggregate potential claims of the purported class members do not exceed the sum or value of $5,000,000.00, as required by 28 U.S.C. §1332(d)(2).

## THIRD AFFIRMATIVE DEFENSE
### (Improper Class Action)

66. This action may not be pursued as a class action under Civil Rule 23 because, *inter alia*:

1. The class is not so numerous that joinder of all members is impractical;

2. There are not questions of law or fact common to the class;

3. The claims or defenses of the representative party are not typical of the claims or defenses of the other purported class members;

4. The representative party will not fairly and adequately protect the interests of the class;

5. Questions of law or fact, common to class members, do not predominate over any questions effecting only individual members;

6. A class action is not superior to other available methods of fairly and effectively adjudicating the controversy;

7. Class certification in this case does not satisfy the other standards set forth in Civil Rule 23.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

67. Plaintiff lacks standing to pursue her purported claims against Defendant, either on behalf of herself or on behalf of the alleged class.

## FIFTH AFFIRMATIVE DEFENSE
### (No Injury)

68. Plaintiff's action, and each claim asserted therein, are barred as to Defendant because neither Plaintiff nor any putative class member sustained any loss, damage, harm or detriment in any amount as a result of the alleged acts, omissions or fault of Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

69. Plaintiff's action, and each cause of action stated therein, are barred and precluded from any recovery in this action by reason of Plaintiff's own failure to act promptly and expeditiously to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Contributory Fault)

70. Defendant is informed and believes and thereon alleges that any alleged harm or damages claimed by Plaintiff (which Defendant denies) is, at least in part, caused by the actions of third parties over which Defendant exerted no control and for which Defendant had no responsibility, and any alleged harm or damages claimed by Plaintiff resulted from the third parties' own negligence or wrongdoing which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Intervening Causation)

71. Plaintiff's action, and each cause of action stated therein, are barred and precluded from any recovery in this action because the damages suffered by Plaintiff, if any, were proximately caused by intervening and superseding actions and occurrences, which intervening and superseding actions and occurrences bar and/or diminish the recovery, if any, against Defendant.

### NINTH AFFIRMATIVE DEFENSE
### (Good Faith)

72. Plaintiff's action, and each cause of action stated therein, are barred and precluded from recovery in that at all times Defendant was acting in good faith.

### TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

73. Plaintiff's action, and each cause of action stated therein, are barred and precluded from any recovery in this action by the doctrine of unclean hands in connection with the matters alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

74. Plaintiff's action, and each claim asserted therein, are barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE
### (Waiver)

75. Plaintiff's action, and each claim asserted therein, are barred by the doctrine of waiver.

### ADDITIONAL AFFIRMATIVE DEFENSES

76. Defendant reserves the right to amend this answer and set forth additional defenses in this case upon further investigation and discovery of the additional facts.

### PRAYER FOR RELIEF

WHEREFORE, Answering Defendant prays that this Court enter judgment in its favor and against Plaintiff and the putative class as follows:

1. That Plaintiff and members of the putative class are awarded no monetary, injunctive, ancillary or other relief as to Answering Defendant;

2. That this action is not a proper class action;

      3.      That Plaintiff and members of the putative class take nothing by Plaintiff's complaint;

      4.      That Plaintiff and members of the putative class are not awarded attorney's fees or other costs of bringing the Complaint or any other additional relief;

      5.      That the Complaint against Defendant is dismissed with prejudice; and

      6.      For general relief.

Dated this 23rd day of February, 2026.

            LAW OFFICES OF WILLIAM I. ROTHBARD

            By   s/ William I. Rothbard
               William I. Rothbard, CA State Bar No. 72447
               (*Pro Hac Vice* pending)

            SUSSMAN SHANK LLP

            By  /s/ Andrea R. Meyer
               Andrea R. Meyer, OSB No. 136055

            Attorneys for Defendant International Travel Network, LLC